**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2002

ESTELLE SINGLETARY,

                    Plaintiff – Appellant,

          v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES/NC INFANT TODDLER
PROGRAM,

                    Defendant – Appellee,

          and

DEBORAH CARROLL, Branch Head; PHILLIP R. DIXON, Hearing
Officer,

                    Defendants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:11-cv-00307-BO)

Submitted: December 6, 2012          Decided: January 3, 2013

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Estelle Singletary, Appellant Pro Se.  Mabel Y. Bullock, Donna
Drake Smith, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Estelle Singletary appeals the district court's dismissal of her civil complaint alleging violations of Part C of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1431-1444 (2006). The district court dismissed Singletary's action pursuant to Rule 12(b)(6), concluding that she failed to state a claim because she did not allege that her daughter was denied a free appropriate public education under the IDEA, and thus could not obtain relief on her claims that the Defendants violated the IDEA's procedural requirements. Finding no reversible error, we affirm.

Singletary first argues that the dismissal of her complaint deprived her of an opportunity to be heard on her IDEA claims. However, she received such an opportunity through the adjudication of her complaint filed under 20 U.S.C. § 1439 (2006). To the extent she contends that the traditional pleading requirements and Rules of Civil Procedure do not apply to her IDEA claims, Singletary misapprehends the procedural posture of her case. See <u>Kirkpatrick v. Lenoir Cnty. Bd. of Educ.</u>, 216 F.3d 380, 387 (4th Cir. 2000) (holding that an IDEA action under 20 U.S.C. § 1415(i)(2)(A) is not an appeal but an "original civil action" to which the Federal Rules of Civil Procedure apply).

3

Liberally construed, Singletary's brief also challenges the dismissal of her claims under Rule 12(b)(6). This court reviews de novo the district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012). A pro se complainant's pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Bare legal conclusions, unwarranted inferences, and unjustified conclusions are insufficient to state a claim. Id. at 664.

Part B of the IDEA ensures a free appropriate public education ("FAPE") for children with disabilities aged three through twenty-one, provided through an individualized education program ("IEP") focused on the child's educational needs. See 20 U.S.C. §§ 1401(d)(9)(B), 1412(a)(1)(A), 1414(d) (2006); JH ex rel. JD v. Henrico Cnty. Sch. Bd., 395 F.3d 185, 187 (4th Cir. 2005). In contrast, Part C ensures that states provide free and appropriate "early intervention services" to children with disabilities under the age of three through the implementation of an "individualized family service plan" ("IFSP"). 20 U.S.C.

4

§§ 1431(b), 1432(4). IFSPs may, as appropriate, provide such services as occupational and physical therapy, medical diagnostic and evaluative services, and social work, to be provided in the child's "natural environment" by "qualified personnel." See 20 U.S.C. §§ 1431(b), 1432(4) (2006); DP v. Sch. Bd. of Broward Cnty., 483 F.3d 725, 726-27 (11th Cir. 2007). "While IFSPs may include an educational component, they do not necessarily include such a component." DP, 483 F.3d at 727.

Both Part B and Part C provide procedural safeguards to protect the child's rights under the IDEA. See 20 U.S.C. §§ 1415, 1439. As the district court noted, this court has held that, while a State's failure to comply with the procedural requirements in Part B may be sufficient to establish the denial of a FAPE, a procedural violation will not support a cognizable claim under Part B unless the parent can show the procedural violation actually interfered with the child's FAPE. Gadsby by Gadsby v. Grasmick, 109 F.3d 940, 956 (4th Cir. 1997); see DiBuo ex rel. DiBuo v. Bd. of Educ. of Worcester Cnty., 309 F.3d 184, 190-91 (4th Cir. 2002). However, because the state is not required to provide a FAPE under Part C of the IDEA, Singletary could not be required to allege that her daughter was denied a FAPE in order to properly allege a procedural violation under Part C. See, e.g., Andrew M. v. Del. Cnty. Office of Mental

5

<u>Health & Mental Retardation</u>, 490 F.3d 337, 348, 350 (3d Cir. 2007).

Nevertheless, on the available record, we find no basis to conclude that a principle analogous to that in <u>Gadsby</u> should not be applied under Part C. Applying <u>Gadsby</u> to Singletary's amended complaint, we conclude that Singletary did not allege sufficient facts to plausibly demonstrate that her daughter was denied appropriate early intervention services under Part C. Thus, we conclude that the district court properly dismissed Singletary's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[*]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] Defendants Dixon and Carroll have not been made parties to this appeal. In any event, because we conclude that Singletary's amended complaint failed to state a cognizable IDEA claim against any Defendant, dismissal of Singletary's claims against Dixon and Carroll ultimately was proper.